MARY ANN BROOKS, Respondent, *v.* ADOLPHUS SCHWERIN, Appellant.

Foot passengers and those driving in carriages have equal rights in the streets of a city, and both are required to exercise that degree of care and prudence which the circumstances of the case demand.

Under the provisions of the act of 1860 (chap. 90, Laws of 1860) concerning the rights and liabilities of husband and wife, as modified in 1862 (chap. 172, Laws of 1862), which authorizes a married woman to perform any labor or service on her separate account, and gives her her earnings therefor (§ 2), and empowers her to bring an action in her own name for injuries to her person (§ 7), the services of the wife in the household still belong to her husband, and so far as an injury to her disables her from performing such services the loss is his, and he, not she, can recover therefor. But when she labors for another, her services and

earnings no longer belong to her husband, but to herself, and, so far as she is disabled from performing such service, she can recover for the loss.

Plaintiff, a married woman, was run over and injured by defendant's horse and wagon. Before the injury she took charge of her family, and she also worked out by the day, earning $1.25 per day. To the proof of this fact upon the trial defendant objected, on the ground that her time and services belonged to her husband. The court overruled the objection, and also refused to charge that she could not recover for her time and services while disabled. *Held*, (LOTT, Ch. C., and GRAY, C., dissenting) no error ; that had defendant requested a charge that she could not recover for the loss of services to her husband in the discharge of her domestic duties, the request could not properly have been refused, but the request, proceeding upon the idea that all her time and services belonged to her husband, was properly denied.

The case of *Filer* . v. *N. Y. C. R. R. Co.* (49 N. Y., 47), distinguished.

(Argued March 8, 1873; decided June term, 1873.)

APPEAL from the judgment of the General Term of the Supreme Court in the first judicial district, affirming a judgment in favor of the plaintiff, entered upon a verdict.

This action was brought to recover damages for a personal injury done to the plaintiff, a married woman, by being knocked down and run over by defendant's horse and wagon, through his alleged careless driving, in one of the streets of the city of New York, on the 13th day of April, 1865. The facts appear sufficiently in the opinion of EARL, C.

*Albert Matthews* for the appellant. The burden of proof was upon plaintiff to establish that the injury was caused exclusively by defendant's negligence. (*Curran* v. *W. & Ct. & M. Co.*, 36 N. Y., 153–6; *Brand* v. *T. & S. R. R. Co.*, 8 Barb., 368; *Barker* v. *Savage*, 45 N. Y., 195; *Cotton* v. *Wood*, 8 C. B. [N. S.], 571.) The burden was upon plaintiff to overcome the evidence of negligence on her part, which directly caused or contributed to the injury. (*Button* v. *H. R. R. R. Co.*, 18 N. Y., 248; *Delafield* v. *U. F. Co. of B.*, 10 Bosw., 216; *Deyo* v. *N. Y. C. R. R. Co.*, 34 N. Y., 9; *Hackford* v. *Same*, 43 id., 24; *Ernst* v. *H. R. R. R. Co.*, 24 id., 97.) Plaintiff's neglect to see defendant's wagon was

inexcusable, and prevents a recovery. (*Gonzales* v. *N. Y. & H. R. R. Co.*, 38 N. Y., 442; *Wilcox, Admrx., etc.*, v. *R. & W. R. R. Co.*, 39 id., 361; *Havens* v. *Erie R. Co.*, 41 id., 298; *Nicholson* v. *Same*, id., 541; *Harty* v. *C. R. R. Co. of N. J.*, 42 id., 473; *Barker* v. *Savage*, 45 id., 193; *Gorton* v. *Erie R. Co.*, id., 664; *Spencer* v. *U. & S. R. R. Co.*, 5 Barb., 337; *Hewitt* v. *N. Y. C. R. R. Co.*, 3 Lans., 83.) Plaintiff having voluntarily put herself in a place of danger, has no right to complain of the consequences. (*Van Schaaick* v. *H. R. R. R. Co.*, 43 N. Y., 527; *Barnes* v. *Cole*, 21 Wend., 188; *Hartfield* v. *Ropes*, id., 615; *Wilds* v. *H. R. R. R. Co.*, 24 N. Y., 430; 30 id., 315; *Munger* v. *T. • R. R. Co.*, 4 Comst., 349; *Willetts* v. *B. & R. R. R. Co.*, 14 Barb., 585; *Bush* v. *Brainard*, 1 Cow., 78; *Woolf* v. *Beard*, 8 Car. & P.; *Sheffield* v. *R. & S. R. R. Co.*, 21 Barb., 339; *Dascomb* v. *B. & S. L. R. R. Co.*, 27 id., 221; *Terry* v. *N. Y. C. R. R. Co.*, 22 id., 574; *Spooner* v. *B. City R. R. Co.*, 31 id., 419; *Ginnon* v. *N. Y. & H. R. R. Co.*, 3 Rob., 25.) . If negligence could be presumed against defendant, inasmuch as the injury then must have happened from the fault of both parties, and there was no intentional wrong on defendant's part, this action cannot be maintained. (*Bush* v. *Brainard*, 1 Cow., 78; *Brownell* v. *Flagler*, 5 Hill, 282; *Brand* v. *T. & S. R. R. Co.*, 8 Barb., 382, 383; *Schwartz* v. *H. R. R. Co.*, 4 Rob., 347; *Cotton* v. *Wood*, 8 C. B. [N. S.], 571.) Damages for the loss of plaintiff's services could only be recovered by her husband. (Pars. on Con., 286; *Woodbeck* v. *Havens*, 42 Barb., 66; *Wilson* v. *Goit*, 17 N. Y., 444; Laws 1860, chap. 90, §§ 1, 2, 7; Laws 1862, chap. 172, § 5; *Maverick* v. *Eighth Ave. R. R. Co.*, 36 N. Y., 378; 1 Chitty's Pldgs., 75; *Longendyke* v. *Longendyke*, 44 Barb., 366; *Perkins* v. *Perkins*, 62 id., 535.) The right of the wife to maintain the action in her own name does not necessarily involve the right to claim all the damages that might have been claimed if her husband were a party. (*Stephenson* v. *Hall*, 14 N. Y., 222; *Gilligan* v. *N. Y. & H. R. R. Co.*, 1 E. D. S., 459.) The court erred in

refusing to charge the jury specifically upon the points discussed above. (*Wilds* v. *H. R. R. Co.*, 24 N. Y., 442; *Madden* v. *N. Y. C.*, 47 id., 665; *Durkin* v. *City of Troy*, 61 Barb., 455.)

*J. P. Fallon* for the respondent. The action was properly brought in the name of the wife alone. (S. L., 1860, 158.) Plaintiff can recover for the loss of her services. (*Mann* v. *Marsh*, 21 How. Pr., 376; S. L., 1860, 158; *Abbey* v. *Deyo*, 44 N. Y.; *Knapp* v. *Smith*, 27 id., 278; *Gage* v. *Dauchy*, 34 id., 293; *Buckly* v. *Wells*, 35 id., 518.) The verdict establishes the fact of carelessness, and this court will not regard the objection that the evidence does not support the finding. (*Cody* v. *Allen*, 18 N. Y., 573; *Bergen* v. *Wemple* 30, id.)

Earl, C. The defendant claims that the complaint ought to have been dismissed on the motion of his counsel, because the undisputed proof showed no negligence on his part, and contributory negligence on the part of the plaintiff.

There was evidence tending to show that the plaintiff was returning home from her labor on the evening of April 13, 1865, between half-past seven and nine o'clock, passing along Thirty-second street, going west, and when she reached the south-east corner of Thirty-second street and Broadway, she saw a street railway car coming up Broadway. The car was two or three lengths from the crossing, and, thinking that she could cross the railway track ahead of the car, she started, and, as she approached the track, she concluded that she could not pass before the car, and stopped near the east side of the track, and waited about a minute for the car to pass. While she was thus waiting, and just as the car had passed, and she was about to move on, the defendant came with his horse and wagon up Broadway at the rate of seven or eight miles an hour, and run over her and injured her severely. She testified that, while waiting, she looked both up the street and down, but that she did not see the defendant's

horse until she was knocked down. The defendant testi-
fied that it was quite dark at the time; that he was
sitting in his wagon, about fifteen feet from his horse's
head, and that he did not see the plaintiff until she
was knocked down ; that the space between the cars and the
sidewalk on the east side of Broadway was but nine feet, and
that standing in his wagon he could not see a person in front
of his horse. Some of these facts were controverted, but
there was some evidence tending to prove them all. And
hence, for every purpose upon this appeal, we must assume
them to have been established.

The parties had equal rights in the street. He had the
right to drive upon it and she had the right to cross it, and
to stop in it while the car passed in front of her. But both
were required to exercise that degree of care and prudence
which the circumstances of the case demanded, she to avoid
injury to herself, and he to avoid injury to another. (*Barker*
v. *Savage*, 45 N. Y., 191.) It cannot be said that her negli-
gence was conclusively established. She saw the car coming
at a little distance, and she thought she could pass ahead of
the car. She made the effort and found she could not, and
then waited briefly for the car to pass. She looked up and
down the street and saw no wagon approaching, and, as she
was about to cross the railway track, was struck and knocked
down. It is not clear that she did less than any person of
ordinary prudence would have done. Whether she was
negligent, whether she ought to have attempted to cross
ahead of the car, whether she ought to have retreated to the
sidewalk when she found she could not pass, whether it was
prudent for her to stand in the street while the car passed,
after looking up and down the street, and perceiving no
danger, and whether under all the circumstances she ought
to have perceived the danger, were all questions fairly for
the consideration of the jury. Neither can it be said that the
evidence conclusively showed that the defendant was free
from negligence. The evening was dark; the defendant
could not see ahead of his horse, and yet he was driving at

the rate of seven or eight miles an hour over a street crossing where pedestrians were in the habit of passing. Whether the defendant did drive so fast, and whether if he did it was prudent for him to do so in a public street in a dark night, whether it was prudent to drive so fast over a street crossing, and whether the accident would have happened if he had driven slowly and prudently, were all questions for the jury. I am, therefore, of the opinion that the court did not err in refusing to nonsuit the plaintiff, and there only remains to be considered one other point to which our attention has been called.

At common law when a married woman was injured in her person, she was joined with her husband in an action for the injury, and in such action nothing could be recovered for loss of service or for the expenses to which the husband had been subjected in taking care of and curing her. For such loss of service and expenses the husband alone could sue. (1 Chitty Pl., 84.) It is now provided, by section 2 of chapter 90 of the Laws of 1860, that a married woman may " carry on any trade or business, and perform any labor or services on her sole and separate account, and the earnings of any married woman from her trade, business, labor or services shall be her sole and separate property, and may be used or invested in her own name." This statute effects a radical change of the common law which gave the husband the right to the labor, services and earnings of his wife. The services of the wife in the household in the discharge of her domestic duties still belong to the husband, and in rendering such service she still bears to him the common-law relation. So far as she is injured so as to be disabled to perform such service for her husband, the loss is his and not hers; and for such loss of service he, and not she, can recover of the wrong-doer. But when she labors for another, her service no longer belongs to her husband, and whatever she earns in such service belongs to her as if she were a *feme sole*, and, so far as she is disabled to perform such service by any injury to her person, she can in her own name recover a compensation against

the wrong-doer for such disability as one of the consequences of the injury, under the seventh section of the same act, which provides that "any married woman may bring and maintain an action in her own name, for damages against any person or body corporate, for any injury to her person or character, the same as if she were sole," and the money recovered shall be her sole and separate property.

On the trial of this action it appeared that the plaintiff, before the injury, took charge of her family, and also that she was working out by the day, and earning ten shillings a day. To the proof of these facts the defendant objected on the ground that her time and services belonged to her husband and could not form ground of damages in the action. The court overruled the objection and defendant excepted. The defendant also excepted to the refusal of the court to charge as requested by him, "That the plaintiff cannot recover for the value of her time and services while she was disabled; such services and time belong, in law, to the husband." The rulings of the court, in receiving the evidence and refusing to charge as requested, were proper within the principles of law above adverted to. If the defendant had requested the court to charge that the plaintiff could not recover for the loss of service to her husband in his household in the discharge of her domestic duties, the request could not properly have been refused. But the request was broader, and proceeded upon the idea that all her time and services belonged to her husband, and that she could not recover anything for the value of her time, or for the loss of any service while she was disabled. She was earning in an humble capacity ten shillings a day, and so far as she was disabled to earn this sum, the loss was hers, and the jury had the right to take it into account in estimating her damages. Suppose she had been a teacher in a school, or a clerk in a store, earning a salary of $1,000 per year, and she had been disabled one whole year, could she not have shown the loss of her salary as one of the facts to be considered by the jury in estimating her damage? She certainly could if she had been a *feme*

*sole*, and under the present statutes she had the same right being a married woman.

There is nothing in conflict with these views in the case of *Filer* v. *New York Central Railroad Co.* (49 N. Y., 47). There was no claim in that case that the plaintiff, a married woman, was at the time of the injury carrying on any business or trade, or engaged in any service on her sole and separate account, or that she was earning any money, which, under the laws of this State, she could claim as her own. I am, therefore, of opinion that the judgment should be affirmed, with costs.

LOTT, Ch. C. (dissenting). The court was requested to charge the jury that the plaintiff could not recover for the value of her time and services while she was disabled, on the ground that such services and time belonged to her husband. It is conceded that such was the rule of the common law, but it is claimed that it is changed or modified by the law of 1860 (chap. 90), entitled "An act concerning the rights and liabilities of husband and wife," as amended by chapter 172 of the Laws of 1862. That act provides, among other things, that the property which a married woman "acquires by her trade, business, labor or services, carried on or performed on her sole or separate account; . *. * * shall, notwithstanding her marriage, be and remain her sole and separate property, and may be used, collected and invested by her in her own name, and shall not be subject to the interference or control of her husband or be liable for his debts, except such debts as may have been contracted for the support of herself or her children, by her as his agent." (§ 1.)

It is also provided by section 2, that "any married woman may carry on any trade or business and perform any labor or services, on her sole and separate account, and that the earnings of any married woman, from her trade, business, labor or services, shall be her sole and separate property, and may be used or invested by her in her own name." And by

section 7, "Any married woman may, while married, sue and be sued, in all matters having relation to her property, which may be her sole and separate property, * * in the same manner as if she were sole, and she may bring and sustain an action in her own name, for damages, against any person or body corporate, for any injury to her person or character, the same as if she were *feme sole,* and the money received upon the settlement of any such action, or recovered upon a judgment, shall be her sole and separate property."

These provisions, while securing to a married woman compensation for personal injuries as her sole and separate property, and giving to her the right to sue for it in her own name, do not give her a right to sue for her labor and services unless "performed on her sole and separate account;" and the earnings that are secured to her as her sole and separate property are such as arise and result from her labor and services performed on her sole and separate account; and it has recently been decided by the Court of Appeals that unless the wife is actually engaged in some business or service in which she would (but for the personal injury for which she is entitled to compensation) have earned something for her separate benefit, and which she has lost by reason of the injury, she has sustained no consequential damages, having lost nothing pecuniarily by reason of her inability to labor. This is placed distinctly on the ground that the services and earnings of the wife belong to the husband, and that he may maintain an action for them when she, at the time of the injury, was not carrying on any business, trade or labor upon or for her sole and separate account. (See *H. M. Filer* v. *The New York Central Railroad Co.,* 49 N .Y. R., 47, etc.)

The facts disclosed in the present case do not entitle the plaintiff to a recovery for the value of the services lost while she was disabled.

It appeared by her own testimony that she, at the time of the trial, resided at No. 104 West Thirty-second street, in the city of New York, and that she and her husband had resided there twelve years in one house, and that her husband was

living at the time of the trial and was present in court; that on the day of the accident she had been at work at a Mrs. Scott's, in Twenty-third street, for whom she was working by the day, and that her husband also worked out as a brass finisher; that she did all her own housework, that she took care of the children when at home; and that the children were at school when she was hurt. She testified in relation to her working at that time as follows: "I was able to go out and work by reason of their being at school, otherwise, I did my work and the work of my family, my own family washing; I did my own work and the family cooking; had the care and nursing of my children;" and she said that since the injury she could scarcely do any of her own work.

This evidence did not show that the plaintiff was carrying on or conducting any business or trade, or performed any labor for her sole and separate use and benefit, or for or in relation to any business or trade prosecuted on her own account, independent of and beyond the control of her husband, or that she herself kept what was received for her daily wages, or what disposition was made of them. Indeed, the fair inference is that she only worked out occasionally, and not as a general rule, and that at the time the injury occurred to her she was enabled to be absent and do what she did because her children were then at school, but that when they were at home she also remained there, taking care of them and doing the usual and ordinary household duties of the family. What she did was consistent with the practice of a husband and wife in moderate or humble circumstances—to go out to work in the day-time and return in the evening—contributing their respective earnings to the general and common support and maintenance of themselves and their children, or for the accumulation of means for the purchase of a homestead or other property. There is certainly nothing in such a fact, alone, which can characterize the work or labor thus done by the wife, as performed for her sole and separate account, or that shows an intention that the earnings resulting therefrom shall constitute or form part of her separate estate, and that the

husband shall have no participation in or right to the control and disposition thereof. The acts of the legislature, above referred to, are an innovation on the common-law rights of the husband, and it was incumbent on the plaintiff to show affirmatively and clearly that he was divested thereby of those rights, and that she alone had become entitled to the benefits and privileges conferred by them on married women. Those facts do not appear.

I am, therefore, of opinion that the judgment should be reversed and a new trial ordered, costs to abide the event.

For affirmance, Earl, Reynolds and Johnson, CC.

For reversal, Lott, Ch. C., and Gray, C.

Judgment affirmed.