MARIA B. MINICK, RESPONDENT, v. THE CITY OF
TROY, APPELLANT.

*Requirement that all claims be presented to the comptroller before action brought —
what is a compliance therewith — Right of wife to recover for loss of services —
Verdict of jury — when not set aside as excessive.*

The city charter of Troy provided that no civil action should be brought against the
city " by any person for injuries to person or property, unless it appears that the
claim for which the action was brought was presented to the comptroller, with an
abstract of the facts out of which the cause of action arose, duly verified by the
claimant, and that the comptroller did not, within sixty days thereafter, audit
the same." In this action, brought to recover damages resulting from injuries
occasioned by the neglect of the city to keep its streets in repair, $5,000 dam-
ages were claimed. It appeared that the plaintiff had presented her claim, in
due form and duly verified, to the comptroller, who had failed to audit it. In
that claim she placed her damages at $10,000.

*Held,* that though the amounts of damages demanded were different, yet the
claims were identical and the evidence established a compliance with the statute.

Although, in an action to recover damages for personal injuries, a married woman
cannot recover on the ground of her inability to render services which are due
or belong to her husband, yet she may recover for the loss of such as are per-
sonal to herself.

In determining the personal loss to herself, evidence as to who composed her
family, and as to what she did before the injury, and how she was affected by
it, and as to the pain and suffering endured, is competent.

In an action for personal injuries, a verdict of a jury will not be set aside as
excessive unless it manifestly appears to be the result of passion, partiality, pre-
judice or corruption.

An objection as follows: "I desire to except to your honor's statement to the jury
of evidence, or supposed evidence, connected with the accident or causing it,"
is too general and vague to be available as a ground of error.

APPEAL from a judgment in favor of the plaintiff, entered
upon the verdict of a jury, and also from an order denying a
motion for a new trial, made upon the minutes of the justice
before whom the action was tried.

The action was brought to recover $5,000 damages for personal
injuries received by the plaintiff from a fall from a wagon while
driving on Congress street, Troy, on the 4th day of August, 1874,
between five and six o'clock, P. M. The jury rendered a verdict
for the plaintiff for $4,500.

*R. A. Parmenter,* for the appellant.

*Edgar L. Fursman,* for the respondent.

BOCKES, J.:

It is found, by the verdict of the jury, that the injury to the plaintiff, for which the action was brought, was occasioned by a hole in the street, shown to have existed for a considerable time prior to the accident. The jury have found, also, that for its existence or its continuance, the city, in its corporate capacity, was responsible. It is not disputed but that the city was bound, by law, to keep and maintain its streets in a reasonably safe condition for public use ; nor but that when there is an omission of this duty, by reason of which injury occurs to a traveler, it is liable therefor. Now, there was evidence, bearing on every question of fact in the case, necessary to establish the defendant's liability ; and there was no conclusive, controlling proof which will authorize the court to say that the verdict is against evidence. The verdict, therefore, concludes the defendant on this appeal on this branch of the case.

It remains, then, to be seen whether any error was committed in the course of the trial, either in the admission or rejection of evidence, or in the charge of the judge, or in his refusal to charge, calling for a reversal of the judgment.

It is first insisted by the defendant's counsel that compliance with section 10, title 6 of the charter (chap. 129 of 1872), was not shown ; by which section it is provided that " no civil action shall be maintained against the city by any person for injuries to person or property, unless it appears that the claim for which the action was brought was presented to the comptroller, with an abstract of the facts out of which the cause of action arose, duly verified by the claimant, and that said comptroller did not, within sixty days thereafter, audit the same." The evidence shows that the plaintiff presented her claim, in due form, and duly verified, to the comptroller, and that he omitted to audit or allow it within the time specified. In that paper the plaintiff placed her damages at $10,000. In this action the damages are placed at $5,000. On this discrepancy between the two claims the defendant's counsel based an objection, that the claim in suit had never been presented to the comptroller for audit. The objection, I think, untenable. The claims were, in fact, identical. By claim was here meant the facts on which the right to demand compensation were based.

The statute should be construed with reference to the object and end to be gained or secured by it. Its purpose was to have the facts and circumstances, attending the demand for compensation, submitted to the city authorities before suit should be commenced, to the end that its justice might be determined, and, if well grounded, that compensation might be made without the expense of a suit at law. The mere fact that the damages were placed at different sums in the claim presented to the comptroller, and in the suit, did not make the claim for compensation, in any respect, different, both resting on the same facts and circumstances. There was no error in the ruling of the court on this subject.

It is next urged that the court erred in allowing evidence showing who composed her family, the plaintiff being a married woman. This evidence was admissible, as part of the history of her case, showing her surroundings and connected with her duties and habits of life, it tended to give such information as was competent to be considered bearing on her vigor of constitution and general health, in connection with the other proof submitted. It was thus limited by the learned judge. As he expressly ruled, this evidence was received, "not for the purpose of showing loss to the husband by her inability to perform services for him, but merely for the purpose of showing the extent of the injury which she had sustained." In this view, and with the additional proof of what she did do before the injury, and how she was affected by it, the evidence was competent.

It is next urged that the court improperly excluded evidence of the condition of the street at or near the place where the injury occurred, but this was as to its condition years after the accident. So the judge ruled as follows: " I hold that proving the condition of the water-bar four years after the accident is incompetent." There was no evidence offered in connection with this rendering it competent, nor are we referred to any which had already been put in which would show it proper. None was alluded to at the time the ruling was made overcoming the objection that it was too remote to be of any value.

It is next insisted that the court should have granted the motion for a nonsuit made on the entire case. The grounds urged were : (1.) That the action was brought without having first presented

the claim to the comptroller. (2.) That there was no sufficient proof of negligence on the part of the defendant. (3.) That the proof showed contributory negligence on the part of the plaintiff, or of her son, who was driving the horse. (4.) That the city authorities had no notice or knowledge of the alleged hole in the street ; and (5.) That no cause of action had been established. The first ground of nonsuit stated has been above considered, and need not be further commented on. As to the other grounds, it is sufficient to say that a case was very manifestly made for the consideration of the jury on each and all of them.

It is next urged that the judge was incorrect in his statement of the evidence in giving his charge ; and a general exception was interposed as follows :  " I desire to except to your honor's statement to the jury of evidence, or supposed evidence, connected with the accident, or causing it." This exception was quite too general and vague to be available as a ground of error. The particular or particulars, as to which the mis-statements were supposed to have been made, should have been pointed out, to the end that corrections might be made, if errors in that regard had occurred. Besides, the judge instructed the jury at once, on suggestion, in substance, that his recitals of the facts of the case was open to correction by them in accordance with their recollection, in case he had, in any respect, mis-stated the proof.

It is further insisted that the learned judge erred in charging that a recovery could be had by the plaintiff for damages arising from her inability to labor by reason of the injury, inasmuch as her services belonged to her husband. The judge was guarded in his ruling in this regard. When evidence was offered bearing, by possibility on this subject, it was clearly intimated by the court that the plaintiff could not recover for services due to or belonging to her husband, and at the close of the charge, when the defendant's counsel again called attention to the subject, saying : " Your honor stated to the jury that the plaintiff may recover in this action as brought for loss of time and inability to labor as formerly : I except to that," the court remarked : " If you mean by that covertly to make an exception, upon the ground that she is a married woman, and her husband is entitled to the compensation for her services, I charge the jury, explicitly, that she can

only recover for such loss of service as she *has sustained herself and towards herself.*" Now, whatever the judge might have said on this subject in the course of his general charge, liable by possibility to have been misunderstood, here was a clear and specific instruction given, by which the jury was to be governed in their deliberations, quite as favorable to the defendant as could well be claimed. It embraced only the past, excluded in fact and in strictness any loss to be sustained in the future, and limited the jury to a consideration of " such loss of service as she has (had) sustained herself and towards herself; " that is, such only, as was personal to her. Here, in effect, the jury were instructed that they should not allow such consequential damages as might result to the plaintiff's husband from her inability to labor. In this case, unlike *Brooks* v. *Schwerin* (54 N. Y., 343), the plaintiff was engaged in no separate business or employment; still there remained to her many duties, privileges and services *personal to herself,* which were proper subjects for the consideration of the jury, in connection with the pain and suffering endured, in determining the damages to be awarded to her.

A request was made for a specific charge upon the question of contributory negligence. This related to the opportunity which existed for the plaintiff, and her son, to see and avoid the defect in the street. The court thereupon charged, substantially, as requested; hence, error cannot be predicated upon the ruling in this regard.

And, finally, it is urged that the damages awarded by the jury are here excessive; and that the judgment should be reversed, and a new trial be granted, for that reason. As I understand the evidence in this case, and considering the plaintiff's circumstances and surroundings, I should be better satisfied had the verdict been one-half less than it is. Juries are, in my judgment, habitually giving large — not to say extravagant — verdicts in this class of cases. Especially is this so where corporations are defendants. They should be considerate and fair; should be careful to be reasonable and just, especially as this subject is left to their judgment, without the right of review, save it can be plainly seen that their action was governed by improper influences, which can rarely be shown, even though the fact exists.

But this question of damages is for the jury, and their determination of it must be accepted as final, in the absence of fair inference of improper influence. It is the prerogative of the jury to pass upon this subject, and their conclusion cannot be disturbed by the court on appeal in a case like this, unless it be in some way made to appear quite manifestly that the result was reached through passion, partiality, prejudice or corruption. (*Bierbauer* v. *R. R. Co.*, 15 Hun, 564; *Gale* v. *R. R. Co.*, 13 id., 1; *Peck* v. *N. Y. C. and H. R. R. R. Co.*, 8 id., 286.) This rule has been adhered to with the utmost rigor in many of the older cases. (*Coleman* v. *Southwick*, 9 Johns., 51, 52, and cases there cited.) In the case last referred to, KENT, Ch. J., says : "The question of damages was within the proper and peculiar province of the jury. It rested in their sound discretion, under all the circumstances of the case, and unless the damages are so outrageous as to strike every one with the enormity and injustice of them, and so as to induce the court to believe that the jury must have acted from prejudice, partiality or corruption, we cannot, consistently with the precedents, interfere with the verdict. It is not enough to say that, in the opinion of the court, the damages are too high, and that we would have given much less. It is the judgment of the jury, and not the judgment of the court, which is to assess the damages in actions for personal torts and injuries." Giving application to this rule, the judgment cannot be disturbed in this case, on the ground that the verdict was excessive.

All the grounds of error, urged by the learned counsel for the defendant, have been above considered, and in the order presented in his brief and points. We find no error in the record demanding a reversal of the judgment.

The judgment and order appealed from should be affirmed, with costs.

LEARNED, P. J., and BOARDMAN, J., concurred.

Judgment and order affirmed, with costs.