(119 App. Div. 663)

PERRY v. BLUMENTHAL.

(Supreme Court, Appellate Division, Fourth Department.   May 1, 1907.)

1. HUSBAND AND WIFE—CONTRACTS OF MARRIED WOMAN.

In an action by a married woman for board furnished to a third person, the question whether the latter contracted with her husband for the board, so as to deprive her of the right to recover, *held*, under the facts, for the jury.

2. SAME.

A married woman, furnishing board to a third person under an agreement with her husband that she should board the third person and take the pay therefor, is entitled to recover the compensation, on the theory that the board was furnished on her separate account and was her separate business, though the third person, without her consent, paid her husband.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 26, Husband and Wife, § 461.]

Appeal from Niagara County Court.

Action by Sarah A. Perry against Bert G. Blumenthal.   From an order setting aside a verdict in favor of plaintiff and granting a new trial, she appeals.   Affirmed.

The action was for the defendant's board and lodging and for the stabling of his team of horses.   The plaintiff recovered a verdict for $175, which was set aside, and this appeal taken by the plaintiff from that order.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

D. E. Brong, for appellant.
Donald S. Moore, for respondent.

KRUSE, J. While we have reached the conclusion that it was proper to set aside the verdict and grant a new trial herein, we think the evidence was sufficient to require the case to be submitted to the jury. The plaintiff was a married woman living with her husband and family of children upon premises consisting of about three acres of land, upon which there was a dwelling house and a barn, the title to which was in her name, but bought with her husband's pension money. Her husband was a teamster. She attended to the household duties, carrying on no separate business, save that upon a few occasions she had taken a boarder into the family and received the pay therefor. She claims the right to receive compensation for like services from the defendant, who is a nephew of the plaintiff's husband. The defendant had lived in the family since childhood, becoming 21 years of age on the 12th of January, 1901. The plaintiff and her husband had seven children of their own, all of whom were living at home. The principal support of the household seems to have been the husband's pension money and the board money which the plaintiff received occasionally. Immediately before the defendant became 21 years of age, and at various times thereafter, the plaintiff demanded that he pay for the board which was being furnished him in the family; but he refused so to do, or to recognize her claim, except upon one occasion, when he paid her the sum of $10. The defendant does not claim that he was under no obligation to pay for the board and accommodations which he has received, but contends that he contracted with the plaintiff's husband therefor, and has paid him in full. Both he and the husband so testified on the trial, the truth of which the plaintiff challenged. The plaintiff testified that she had conversations with the defendant from time to time in relation to his paying for his board in the presence of her husband, although the husband took no part in the conversations. She further testified that she told her husband she was charging the defendant for board, and he told her to charge him board; that she knew nothing of any arrangement having been made between her husband and the defendant which permitted him to stay there, or that he was paying the husband. The defendant lived in the family for about two years after he became of age, and then left for a time, returning in the fall of 1905, at which time he had a conversation with the plaintiff about coming back, and did return, and remained for seven weeks.

While we think the evidence is insufficient to show that the defendant ever expressly agreed with the plaintiff to pay for his board and accommodations, or made any express contract with her therefor, except, possibly, the last seven weeks' board furnished him, yet it does not follow that the defendant did not become liable to her for the board, lodging, and stabling of his horses. We are of opinion that it was a question of fact whether the defendant did actually contract with the plaintiff's husband to furnish him board and accommodations. If he did not, and the board was furnished to the defendant by the plaintiff under an arrangement with her husband that she would board the defendant and take the pay therefor, as she had theretofore been permitted to do with other boarders, we think the conclusion is permissible that the same was furnished on her sole and separate account

and was her separate business. Stevens v. Cunningham, 181 N. Y. 454, 74 N. E. 434. If this was the true state of affairs, she is entitled to recover, notwithstanding the fact that the defendant may have paid her husband therefor, if such payment was made without authority from her and after she had repeatedly asserted her claim against him. Even the claim of payment to the husband, however, seems to have been found against the defendant, for the trial court charged absolutely and without qualification that if the defendant had paid the husband the plaintiff was not entitled to recover, and the jury found a verdict for the plaintiff.

The trial judge, however, in the exercise of his discretion, was warranted in setting aside the verdict of the jury, especially in view of the charge by which the jury were required to determine the plaintiff's right to recovery.

The order should therefore be affirmed, with costs. All concur; ROBSON, J., in result only.