(95 Misc. Rep. 142)

## JANZ v. SCHWENDER.

(Supreme Court, Appellate Term, First Department. May 26, 1916.)

1. WITNESSES ⊚⟶140(9)—COMPETENCY—TRANSACTIONS WITH DECEDENT.

A wife, who rendered services as a nurse, has the exclusive cause of action therefor, under Domestic Relations Law (Consol. Laws, c. 14) § 60, and her evidence, given against the executrix of the person for whom the services were rendered, is that of a person interested in the event, inadmissible in her husband's action for the services, under Code Civ. Proc. § 829, relating to transactions with decedents.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. § 608; Dec. Dig. ⊚⟶140(9).]

2. EXECUTORS AND ADMINISTRATORS ⊚⟶221(4)—BOARD FURNISHED DECEDENT.

In an action against an executrix for board furnished her decedent by plaintiff's wife, where it does not appear who paid for and provided the food, or that the food was served in plaintiff's home, judgment for plaintiff could not be sustained.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 903, 903½, 1872–1876; Dec. Dig. ⊚⟶221(4).]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Emil Janz against Bertha Schwender, also known as Bertha Schewandi, as executrix of the last will and testament of Al-

wine Kolb, also known as Allvina Kolb, deceased. From a judgment for plaintiff, defendant appeals. Judgment reversed, and new trial ordered.

Argued May term, 1916, before GUY, BIJUR, and COHALAN, JJ.

Robson & Simpson, of New York City (Ely Simpson, of New York City, of counsel), for appellant.

Alfred K. Schwabach, of New York City (Morris Cukor, of New York City, of counsel), for respondent.

BIJUR, J. Plaintiff sued on four causes of action. The first is for board supplied by his wife to the deceased for two periods of 9 and 2 weeks, respectively, of the reasonable value of $12 a week. The second is for services of his wife, rendered to the deceased as nurse for a brief period. The third is for a loan of $20 to the deceased. The fourth is for services rendered by one Louisa Webber as nurse and laundress for approximately 2 weeks. Plaintiff recovered in full. He attempts to sustain his recovery on the first three causes of action by virtue of his marital right, thus at the same time justifying the admission of testimony of his wife as to transactions by her with the deceased. He attempts to support his recovery in the fourth cause of action by a written assignment from the husband of Louisa Webber, thus also justifying her testimony as to transactions with the deceased.

[1] Appellant contends that section 60 of the Domestic Relations Law gives the respective wives the exclusive cause of action for the services rendered, and that plaintiff derived no cause of action from the marital right. It would then follow that the evidence given by the wives was of persons interested in the event, and thereby inadmissible under section 829 of the Code of Civil Procedure. This contention is plainly good as to the services of the plaintiff's wife as nurse, set forth in the second cause of action, services unquestionably rendered upon her own account, and by no means to be considered to have been rendered in the course of her marital duty to her husband. The same reasoning, of course, applies to the services rendered by Louisa Webber, constituting the fourth cause of action. So far as the third cause of action is concerned, being a loan of $20, the evidence is that plaintiff's wife loaned the money, and there is nothing to show that the money was not her sole property, and therefore no question of marital right is involved.

[2] As far as the first cause of action is concerned, involving board for a period amounting in all to some 11 weeks, on the state of the record, judgment for the plaintiff cannot be sustained. It does not appear who paid for and provided the food which was served to defendant. Nor does it clearly appear that the food was served in plaintiff's home, though such was probably the case. Should testimony be given on a new trial to that effect, plaintiff could probably recover on his first cause of action, in accordance with the principle of Stamp v. Franklin, 144 N. Y. 607, 39 N. E. 634, since such services would not have been rendered by the wife in her separate capacity, but rather in the course of her marital relationship; that is to say, serving food pur-

chased by her husband in his home to his boarders. See, also, Stevens v. Cunningham, 181 N. Y. 454, 74 N. E. 434.

For these reasons the judgment must be reversed, and a new trial ordered, with $30 costs to appellant to abide the event. All concur.