THOMAS J. O'DONNELL, Respondent, v. BROOKLYN CITY RAILROAD COMPANY, Appellant.— Judgment reversed on the law, with costs, and the complaint dismissed, with costs, on the ground that plaintiff was guilty of contributory negligence as a matter of law. Lazansky, P. J., Tompkins and Davis, JJ., concur; Young and Hagarty, JJ., dissent and vote to affirm.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LEE BAKER GRUBER, Appellant.* — Judgment of conviction of the County Court of Queens county affirmed. No opinion. Young, Kapper and Hagarty, JJ., concur; Lazansky, P. J., and Tompkins, J., dissent and vote for reversal and dismissal of the indictment upon the ground that the testimony of the complainant that defendant committed the crime was unsupported by other evidence, as required by section 2013 of the Penal Law. (People v. Abraitis, 189 App. Div. 312; People v. Downs, 236 N. Y. 306.)

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JAMES EDWARD MORRIS, Appellant.* — Judgment of conviction of the County Court of Queens county affirmed. No opinion. Young, Kapper and Hagarty, JJ., concur; Lazansky, P. J., and Tompkins, J., dissent and vote for reversal and dismissal of the indictment upon the ground that the testimony of the complainant that defendant committed the crime was unsupported by other evidence, as required by section 2013 of the Penal Law. (People v. Abraitis, 189 App. Div. 312; People v. Downs, 236 N. Y. 306.)

THE PEOPLE OF THE STATE OF NEW YORK ex rel. HENRY J. Voss, Father of the Infants GEORGE Voss and LILLIAN RUTH Voss, Respondent, v. ROSE BRYANT and Others, or Any Other Person or Persons Having the Custody of GEORGE Voss and LILLIAN RUTH Voss, Appellants.— Order sustaining writ of habeas corpus and awarding custody of the children to their father reversed on the law and the facts, without costs, and the matter remitted to the Special Term for the purpose of taking proof. Lazansky, P. J., Hagarty, Carswell, Scudder and Tompkins, JJ., concur.

KATHERINA M. SCHAAF, Respondent, v. MAISE THOMAS and EMMA HAROLD SCUDDER, as Executrices, etc., of HARRIET V. APPLEGATE, Deceased, Appellants.— Judgment affirmed, with costs. It was for the jury to determine what parts of the testimony of a given witness they would credit; to draw the inferences and determine what the parties intended by the language used which imperfectly or otherwise embodied the agreement. The jury were free to interpret the evidence to mean that the husband was not a party to the contract made by the wife for her own benefit and that the husband had no objection to the wife so contracting for her own separate account and estate. The record so viewed made competent the testimony of the husband, who makes no claim that he is a party of the contract. (Stevens v. Cunningham, 181 N. Y. 454; Perry v. Blumenthal, 119 App. Div. 663; Lashaw v. Croissant, 88 Hun, 206; Root v. Strang, 77 id. 14; Sheldon v. Button, 5 id. 110; Burley v. Barnhard, 9 N. Y. St. Repr. 587; Adams v. Honness, 62 Barb. 326.) Young, Kapper, Carswell and Davis, JJ., concur; Lazansky, P. J., dissents on the following ground: The husband was a party to the arrangement. Either his promise was a part of the consideration for decedent's promise to plaintiff, or his participation in furnishing decedent with support was a part of the performance of that for which decedent gave her promise to plaintiff. The husband was incompetent to testify under section 347 of the Civil Practice Act. (Rosseau v. Rouss, 180 N. Y. 116.)

* Affd., 264 N. Y. 560.