## BERCKHEMER v. EMPIRE CARRYING CORP.

(Supreme Court, Appellate Division, First Department.   May 5, 1916.)

1. MUNICIPAL CORPORATIONS ☞705(4)—STREETS—INJURIES—VIOLATION OF STATUTE AND ORDINANCE.

An automobile truck driver's violation of the duty to make a wide turn at a street intersection, passing to the right of the center thereof, and to reduce his speed to not more than four miles an hour as required by Highway Law (Consol. Laws, c. 25) § 286, and New York City Ordinances, art. 2, c. 24, § 11, subd. 6, and section 17, subd. 2, is sufficient to charge him with negligence.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1515, 1516; Dec. Dig. ☞705(4).]

2. TRIAL ☞252(8)—INSTRUCTIONS—APPLICABILITY TO EVIDENCE.

Where, owing to negligence of an automobile truck driver, the truck and plaintiff's motorcycle approached each other from intersecting streets, and both swerved to avoid collision, and while swerving plaintiff turned and ran into the motor truck, and there was no evidence that plaintiff was confused, or had lost control of his cycle, a charge to the jury, suggesting that the sudden turn of the motor truck driver into the street intersection "might have so upset the plaintiff and his control of the machine that he either failed to exercise exactly the right judgment when he made the second swerve, or whether he lost control of his machine, due to the confusion and excitement of the moment," was erroneous.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 603; Dec. Dig. ☞252(8).]

3. MUNICIPAL CORPORATIONS ☞706(8)—STREETS—ACTION FOR NEGLIGENCE—INSTRUCTIONS.

In such case a refusal to charge the jury that plaintiff's second turning was negligence as a matter of fact, no matter what the cause, and that there is no direct evidence that plaintiff did not have his motorcycle under control just before the accident happened, was erroneous.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1518; Dec. Dig. ☞706(8).]

4. MUNICIPAL CORPORATIONS ☞706(8)—STREETS—ACTION FOR NEGLIGENCE—INSTRUCTIONS.

In such case it was proper to charge that, if the plaintiff swerved north (into the motor truck) without exercising proper care, or because he did not have his motorcycle under proper control when the unexpected movement of the defendant's motor truck took place, if it did take place, verdict must be for the defendant.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1518; Dec. Dig. ☞706(8).]

5. TRIAL ☞296(4, 5)—INSTRUCTIONS—CURE OF DEFECTS.

A clear statement of the applicable law in the last charge in the instruction effectually cured any error committed in an earlier portion of the instructions.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 709; Dec. Dig. ☞296(4, 5).]

McLaughlin, J., dissenting.

Appeal from Trial Term, New York County.

Action by Oliver C. Berckhemer against the Empire Carrying Corporation. From a judgment for plaintiff, and an order denying a new trial, plaintiff appeals. Affirmed.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Argued before CLARKE, P. J., and McLAUGHLIN, SCOTT, SMITH, and DAVIS, JJ.·

Lyman A. Spalding, of New York City, for appellant.
Leon Sanders, of New York City, for respondent.

SCOTT, J.    The action is for damages resulting from a collision between a motorcycle and a motor truck; plaintiff having been the rider of the motorcycle, and defendant being the owner of the truck.

[1] The facts deducible from the testimony and evidently found by the jury were that plaintiff, who was an experienced motorcyclist, was riding up Washington avenue in the county of Bronx, on the right-hand and proper side of the roadway, about six feet from the curb. He had been going at a high rate of speed, but says that he had slowed down to a moderate rate just before the accident happened. Defendant's truck was coming westerly through 165th street. When the truck reached 165th street it made a sharp turn to the southwest into Washington avenue, running close to the southeasterly corner, and going at a much higher rate of speed than the city ordinance permits any vehicle to go in turning a corner. It was the duty of the driver of defendant's truck, if he desired to turn to the left into Washington avenue, to make a wide turn, passing to the right of the center of the street intersection, and to reduce his speed to not more than 4 miles an hour. Highway Law, § 286; Ordinances of the City of New York, art. 2, c. 24, § 11, subd. 6, and section 17, subd. 2. The evidence tends to show that the driver of the truck violated both of these rules, and so the jury must have found. Such violation is sufficient to charge him with negligence. Shields v. Pugh & Co., 122 App. Div. 586, 107 N. Y. Supp. 604; Donnelly v. City of Rochester, 166 N. Y. 315, 59 N. E. 989.

This action on the part of the driver of the truck created a situation in which there was imminent danger of a collision between the motorcycle and the truck, and for the creation of this situation the driver of the truck appears to have been solely to blame. Both parties, evidently appreciating the danger of collision, attempted to avoid it by turning sharply to the northwest, and ran along in parallel or nearly parallel courses for about 40 or 50 feet, until they were near the north-westerly corner of 165th street and Washington avenue, when plaintiff's motorcycle suddenly turned north and ran into the truck. From this collision resulted plaintiff's injuries.

Thus we have this state of affairs: A dangerous situation, created solely by the negligence of defendant's servant; an avoidance of immediate danger by the quickness both of plaintiff and defendant's servant, resulting in a state of affairs from which serious results might have been averted; and then a collision resulting directly from the northerly swerve by plaintiff. All this, of course, took a much shorter time than it does to tell it, the distances traversed by the two vehicles after they had turned to the northwest, and before the collision occurred, being probably not much more than 40 feet.

[2] That the defendant's servant was negligent, and that his negli-

gence led up directly to the accident, is indicated by the evidence, or, at least, the jury might so find, and did find. The accident would probably not have happened, however, notwithstanding the truck driver's negligence, if plaintiff had not swerved from a northwesterly to a northerly direction, and the serious question was presented whether or not the swerve constituted contributory negligence. The court charged the jury at some length on this subject, suggesting that the act of defendant's driver in suddenly turning into Washington avenue might—

"have so upset the plaintiff and his control of the machine that he either failed to exercise exactly the right judgment when he made the second swerve, or whether he lost control of his machine, due to the confusion and excitement of the moment."

He further charged that:

"If the second swerve to the north, if the failure to keep on to the left up 165th street, was due to such excitement and confusion as might ensue from what occurred, if you find that it did occur as he [plaintiff] said, then the plaintiff would not be guilty of negligence as a matter of law for the second swerve to the north."

There was no evidence, even from his own lips, that plaintiff was in the least confused or flustered, or that he lost control of his cycle, and the defendant, with reason, as we consider, excepted to those portions of the colloquial charge from which we have quoted.

[3] Defendant's counsel also requested the court to charge the jury that it—

"had the right to say that the second turning to the north was negligent, as a matter of fact, no matter what the cause."

And further that:

"There is no proof, no direct evidence, that the plaintiff did not have his motorcycle under control just before the accident happened."

Both of these requests were refused by the court, and defendant duly excepted. In this as we think error was committed, and if the case had rested there we should have felt impelled to order a new trial.

[4] The defendant, however, persisted, and asked the court to charge:

"That if the plaintiff swerved north without exercising proper care, or because he did not have his motorcycle under proper control, when the unexpected movement of the defendant's mail wagon took place, if it did take place, that their verdict must be for the defendant."

To this request the court replied:

"I have already charged them that, and I charge it again."

[5] In our opinion this charge, the last word on the subject heard by the jury before it retired for deliberation, correctly stated the law applicable to the question, and effectually cured any error that may have been committed in the colloquial charge, or in the refusal to charge the earlier requests made by the defendant. Such errors thereby became unimportant and immaterial.

No other question in the case appears to require extended consideration.

The judgment and order appealed from are therefore affirmed, with costs.

CLARKE, P. J., and SMITH and DAVIS, JJ., concur.

McLAUGHLIN, J. (dissenting). I am unable to concur in the opinion of Mr. Justice SCOTT. The fact is uncontradicted that the motorcycle on which the plaintiff was riding ran into the defendant's automobile, and not the automobile into the motorcycle. The plaintiff's own testimony shows that, had he exercised the care which the law imposed upon him for his own safety, the accident would have been avoided. He testified that when he first saw the automobile he was between 30 and 35 feet from it; that he then had the motorcycle under control and was running about 10 miles an hour; and that when running at that rate of speed it could be stopped in 10 or 15 feet. He made no attempt to stop, but what is perfectly apparent is that he attempted to run around the automobile, and in doing so ran into it. Even if it be assumed, therefore, that defendant's driver was negligent, it did not entitle plaintiff to recover, because his injuries were due, at least in part, to his own negligence.

I think the judgment should be reversed, and a new trial ordered.