Anthony Lorenzo, as Administrator, etc., of Mary Lorenzo, Deceased, Appellant, v. Manhattan Steam Bakery, Inc., and Herman Hueg, Respondents.

Second Department, June 22, 1917.

Street railroads — motor vehicles — passenger alighting and passing behind car struck and killed by automobile truck — municipal ordinance — contributory negligence — ownership of truck — questions for jury.

In an action for death caused by an automobile truck it appeared that the deceased, after alighting from a street car, passed behind the same and when a foot from the car track looked through the rear fender, which somewhat obstructed her view, and could see no vehicle at a distance of eighty feet; that the truck without stopping and without warning struck and killed the deceased while she was within eight feet of the street car, and that an automobile ordinance prevented such a vehicle from passing or approaching within eight feet of the street car so long as the same remained standing for the purpose of discharging or taking on passengers.

Held, on all the evidence, that an issue of contributory negligence was presented for the jury, and that it was error to set aside a verdict for the plaintiff.

As the automobile truck bore the name of one of the defendants and was its property, being at the time loaded with its goods, it could not insist as a matter of law that the formal lease of the same to another and other contracts relieved it from liability.

Appeal by the plaintiff, Anthony Lorenzo, as administrator, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Queens on the 19th day of March, 1917, dismissing the complaint by direction of the court after a trial before the court and a jury, and also from an order entered in said clerk's office on the 14th day of March, 1917, setting aside the verdict of the jury in plaintiff's favor for $1,500, dismissing the complaint and denying plaintiff's motion to set aside the verdict on the ground of insufficient damages.

About seven a. m. of March 30, 1915, Mary Lorenzo, a girl of seventeen, while on her way to work, was struck by an automobile truck coming up Jackson avenue towards the Bridge plaza. In company with a girl companion, deceased

had come in from Corona, L. I. From the Bridge plaza they took a street car, which they left at Jackson and Nott avenues, Long Island City. The front end of the car stopped " a little bit back " of the corner. Her place of employment was on Thomson avenue.

Irene Klein, who was with decedent, testified that they got off the car immediately behind several other girls. Decedent alighted first, followed by Miss Klein. They walked behind the back of the car. When one foot away from the back of the car, " we looked up the street   *   *   *   towards the ferry," could not see very clearly on account of the fender of the car being tied to the dashboard at the rear of the car. Could see, however, up to the corner — a distance of eighty feet. Saw no vehicle. They continued gazing in same direction. When they came to the second car track they looked forward to see where they were going. When in about the center of that track the automobile struck them which came from the direction of the ferry. The witness heard no horn or signal. The testimony is conflicting whether at this time the street car had started on. The motorman, McCaffrey, said he had " started up slightly." Conductor Smith said just at hearing the commotion they were " about clear, to start," or " might have started." Goldberg, who drove the auto, said the car was " pulling out." He inferred this from hearing the starting bell " as I passed it."

The Special Ordinance of August 14, 1914, and the Code of Ordinances of the City of New York, approved March 30, 1915, being chapter 24, Traffic Regulations, article 2, Rules of the Road, section 17, were introduced in evidence. (See 17 Ord. Res., etc., Bd. Ald., etc. [1914] 298, 299, No. 460; Cosby's Code Ord. [Anno. 1915] pp. 337, 338. Now Cosby's Code Ord. [Anno. 1917] p. 517.)

The learned court set aside the verdict for plaintiff on two grounds; that deceased was shown to have been guilty of contributory negligence, and that the driver of the automobile was not shown to have been in the service of the defendants.

*Edward E. Hoenig* [*William M. Sullivan* with him on the brief], for the appellant.

*Mark Nave,* for the respondents.

PUTNAM, J.:

The testimony of Irene Klein, who followed deceased out of the street car, described how, with other alighting passengers, they passed behind the car and, when a foot from the car track, looked westerly towards the ferry, but though the rear fender, as tied up, interfered somewhat with their view, they could still see to the corner, a distance of eighty feet, when they saw no vehicle. Whether the street car was still stopped discharging passengers as the auto truck came up is left in some doubt. The terms of the automobile ordinance forbidding a vehicle overtaking or meeting a street car which has stopped to receive or discharge a passenger or passengers, to " pass or approach within eight (8) feet of said car so long as the same is so stopped and remains standing for the purpose aforesaid," bear on the care that persons like deceased were called on to use. The fact that the auto truck came on without stopping, and, with no warning horn or signal, struck and killed deceased, then on the middle of the east-bound track, presented an issue of contributory negligence for the jury.

It is, however, urged that plaintiff failed to prove that the driver of the automobile truck was engaged in the service of either defendant. Inasmuch as this automobile truck bore the name of the Manhattan Steam Bakery, Inc., and was its property, being at the time laden with its goods, that defendant could not insist as a matter of law that the formal leases for a week to August Hueg, and other contracts, relieved such defendant from liability. That, too, became a question for a jury. (*Baldwin* v. *Abraham,* 57 App. Div. 67, 73; 171 N. Y. 677.)

The order setting aside the verdict and the judgment for defendants are, therefore, reversed, and a new trial granted, costs to abide the event.

JENKS, P. J., STAPLETON, RICH and BLACKMAR, JJ., concurred.

Order setting aside verdict and judgment for defendants reversed, and new trial granted, costs to abide the event.