CATHERINE CROMBIE, Respondent, v. GEORGE J. O'BRIEN, Appellant.

Second Department, June 22, 1917.

Street railroads — motor vehicles — injury to intending passenger struck by automobile while within eight feet of car — municipal ordinance — contributory negligence — due care by plaintiff in guarding against injury — presumption that driver of automobile will obey ordinance.

In an action for personal injuries it appeared that the plaintiff left the sidewalk with the intention of boarding a street car which had stopped for the purpose of taking on passengers, and that when within eight feet of the car was run down by defendant's automobile, which was passing the car in violation of a municipal ordinance.

*Held*, on all the evidence, that the plaintiff exercised due care in guarding against injury from the defendant's car entering the prohibited zone.

The plaintiff was bound to exercise such care only as was commensurate with the danger.

The plaintiff had the right, in a measure at least, to rely on the presumption that the driver of the automobile would obey the law and not enter the prohibited zone within eight feet of the street car.

Moreover, if the plaintiff had seen the approaching car she could still have relied on the presumption that it was slowing down with the intention of stopping in obedience to the law.

THOMAS, J., dissented, with opinion, with whom JENKS, P. J., concurred, in memorandum.

APPEAL by the defendant, George J. O'Brien, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 16th day of October, 1916, upon the verdict of a jury for $600.

*Henry Siegrist* [*Otto D. Parker* with him on the brief], for the appellant.

*Frank W. Holmes*, for the respondent.

BLACKMAR, J.:

The plaintiff left the sidewalk with the intention of boarding a trolley car which had stopped for the purpose of taking on passengers, and when within eight feet of the car was run down by defendant's automobile. The defendant's car

was in that place in violation of an ordinance of the city of New York, and the question is whether, under those circumstances, the plaintiff exercised due care in guarding against injury from the defendant's car entering the prohibited zone. The ordinance forbidding vehicles to move within eight feet of a trolley car standing for the purpose of receiving or discharging passengers, was enacted for the very purpose of preventing just such accidents as the one under consideration. It was passed in recognition of the fact that passengers leaving and entering cars have their attention so directed to this purpose that they can give but little attention to passing vehicles. And yet it is proposed to us in the dissenting opinion by Mr. Justice THOMAS to decide that the plaintiff was negligent in failing to effectively guard against defendant's violation of the law. It cannot be contended that there is not some evidence of the exercise of care, for the plaintiff testified that she glanced to the east but did not see the defendant's car. But it is claimed that this is not evidence of freedom from contributory negligence because she did not see what was before her face and guard against it. This places a burden on the plaintiff, justified neither by reason nor authority. She was bound to exercise such care only as was commensurate with the danger. That necessarily means the danger apparent to her or which she should have apprehended. But I suggest that the rule is well settled that one may rely, in a measure at least, on the presumption that others will obey the law. The defendant had no more right to drive his car within eight feet of the standing trolley car than to drive it through a safety zone physically marked off, such as those established for the safety of pedestrians in Fifth avenue, Manhattan. In fact, the ordinance was enacted to create a safety zone in order to enable passengers to enter it and give attention to mounting the steps of the standing car, without danger from approaching vehicles. It is suggested that as she did not see the slowly-approaching car, the look was not the scrutiny which the law required. The purpose of looking, whether it is called a scrutiny or glance, is to see. If the plaintiff had seen the approaching car, she could still have relied on the presumption that it was slowing down for the purpose of stopping in obedience to the law. The

plaintiff relied on the assurance of safety in the eight-foot zone which the law gave, and that reliance is not negligence as matter of law, and, it being a question of fact, we should affirm the judgment, with costs.

STAPLETON and RICH, JJ., concurred; THOMAS, J., read for reversal, with whom JENKS, P. J., concurred in separate memorandum.

THOMAS J. (dissenting):

The plaintiff and her sister were walking on the sidewalk towards the west. Plaintiff entered upon the street with the purpose of taking a street car waiting near the middle of the block. Her statement is: "As I went to step off the corner I got three or four steps and I heard my sister say, ' Oh, look out,' and immediately Mr. O'Brien's car had struck me." She testified that she heard no warnings. There was nothing to divert or to absorb her attention, save her anxiety to board the car. The place was near the end of the Fulton street car line in Jamaica. Subdivision 3 of section 17 of article 2 of chapter 24 of the Code of Ordinances of the City of New York provides: " In overtaking or meeting a street car, which has been stopped for the purpose of receiving or discharging a passenger, no vehicle that is subject to the provisions of subdivision 1 of this section shall pass or approach within 8 feet of such car so long as the same is stopped and remains standing, for the purpose aforesaid." (See Cosby's Code Ord. [Anno. 1915] pp. 337, 338. Now Cosby's Code Ord. [Anno. 1917] p. 517.) The automobile was proceeding slowly, and although the car had reached the end of the line and changed to the return track, where it was taking passengers, the disregard of the ordinance was sufficient evidence of negligence. (*Amberg* v. *Kinley*, 214 N. Y. 531.) The only question is whether the evidence shows that the plaintiff's negligence contributed to the accident. The question has arisen whether the plaintiff had the duty of looking to her left—to the east—lest a vehicle might be oncoming in disobedience of the ordinance; that is, whether a pedestrian entering the street under such circumstances should use any efficient care. The traveler could consider that the ordinance existed, and place some reliance upon its

observance, that would modify the range and vigor of his circumspection, but he could not enter the street without some useful search. There are statutes and ordinances that regulate the traversing and crossing of streets, but they do not excuse care on the part of the wayfarer. There are or have been many familiar instances of statutes or ordinances to protect people on the street, such as gates, or flagmen, or warnings at railway crossings, that teams shall travel to the right of the traveled part of the way, that horses shall not be left unhitched in the street. And yet it would be hardly contended that inexcusable disobedience of the statute absolves a traveler injured thereby, if he used no circumspection, although it may mitigate the care he should observe. If, now, the person entering the street must use care, it is a vain thing to say that a jury can deem the person prudent, if he merely uses care that is so inadequate that he does not see a ponderous object moving upon him. It is not usurping the functions of the jury in this instance to declare that the care used was totally inoperative. A glance that has no compass cannot be exalted into a look that is in any legal sense protective. The learned trial justice properly charged the jury to the effect that care was required on the plaintiff's part. That became the law of the case. The jury found that what plaintiff did was due care. This is what she said that she did: "I kind of glanced both ways to see if there was anything coming. * * * Q. How far did you glance both ways — to the east? A. I don't know just how far, but I didn't see any vehicle coming, didn't see anything at all. Q. Did you take much time looking? A. I gave a little glance. I knew the trolley car was standing there, and I didn't think" — latter part of answer stricken out. "Q. You didn't take much time to look? A. I just took a casual glance as I would any time in the city." Latter part of answer was stricken out. "Q. Did you stop when you came to the curb or keep on walking? A. I kept on walking; I kind of glanced and went right ahead to the car. Q. You gave a glance and didn't pay much attention? A. Well, no, but enough to see if there was anything coming. Q. Did you look both ways? A. I was facing the west, there was no need to look that way." That the plaintiff did not pay attention " enough to see if

there was anything coming," is evident, for the car was imminent and a look that could be regarded as having any searching quality would discover it. Indeed, the record shows that the automobile was coming at a moderate speed, and yet plaintiff did not see it until her sister called to her, and then she had " just a glance " of it before it struck her The verdict disregards the charge; it makes what was a hasty, unproductive glimpse a scrutiny. This conclusion is not converting a question of fact into a question of law, except as it is the duty of the court to declare that a thing so faint and bodiless as a hurried gleam, that misses an impending touring car and discovers only void space, cannot be sufficient evidence of care.

The judgment should be reversed and a new trial granted, costs to abide the event.

JENKS, P. J., concurred.

JENKS, P. J. (dissenting):

I concur with THOMAS, J., for a reversal, being of opinion that his conclusion does not convert a question of fact into a question of law save as to the absence of any proof of care on the part of the plaintiff.

Judgment affirmed, with costs.