CATHERINE SCHAFER, Respondent, *v.* ROSE-GORMAN-ROSE, INC., Appellant.

Third Department, July 8, 1920.

Motor vehicles — action by passenger to recover damages for injuries received by being struck by motor truck after alighting from street car — evidence presenting question as to negligence of defendant — liability predicated on violation of city ordinance, section 286 of Highway Law, and sections 11 and 13 of General Highway Traffic Law — plaintiff not guilty of contributory negligence as matter of law — damages — right of plaintiff to introduce evidence as to value of her services.

In an action to recover damages for injuries received by the plaintiff by being struck by defendant's motor truck, it appeared that the plaintiff alighted from a street car at a switch, not a regular stop, and crossed towards the curb, and that the defendant's truck, which was following the street car, in attempting to pass the car after it stopped, ran into the plaintiff.  On all the evidence, *held*, that a question of fact for the jury was presented as to the negligence of the defendant.

*It seems*, that the liability of the defendant could have been predicated on the violation by the driver of the motor truck of an ordinance of the city prohibiting any vehicle from passing any street car upon the same side as, or at the time when, passengers were being received or discharged, so as to interfere in any way with such passengers, and on the violation of section 286 of the Highway Law, and also on the violation of sections 11 and 13 of the General Highway Traffic Law.

In view of the fact that the defendant's motor truck was behind the street car from which plaintiff was about to alight, and that her rights on the pavement were equal to those of the defendant, her contributory negligence was a fair question of fact for the jury, and it cannot be held that she was guilty of contributory negligence as a matter of law.

Though the plaintiff, a married woman, was not employed at the time of the accident and did not seek to recover damages for loss of wages, the admission of evidence as to the value of her services when employed did not constitute reversible error.

If she had sought to give such evidence on the question of damages it would have been admissible.

APPEAL by the defendant, Rose-Gorman-Rose, Inc., from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Ulster on the 8th day of November, 1919, upon the verdict of a jury for $3,000, and also from an order entered in said clerk's office

on the 6th day of November, 1919, denying defendant's motion for a new trial made upon the minutes.

*Van Etten & Cook* [*Andrew J. Cook* of counsel], for the appellant.

*John M. Cashin* [*Frank W. Brooks* of counsel], for the respondent.

KILEY, J.:

That the plaintiff's right leg is in a serious condition appears from the testimony of the physicians of both the plaintiff and defendant upon the trial of this action; that she received such injury by being struck by defendant's truck, on the 23d day of September, 1918, on Broadway in the city of Kingston, N. Y., is not controverted; that the defendant was guilty of negligence upon that occasion, as found by the jury, seems to have support in the evidence in several particulars. The plaintiff was riding on a trolley car toward her home, going in a southeasterly direction, on Broadway; on account of the skip stop rule the car did not make a stop at Hoffman street, on which street plaintiff resided. She was told by the conductor that she could alight at the switch a short distance beyond the junction of the street upon which she lived with Broadway. She alighted at the switch onto the pavement. The driver of defendant's truck testified: " Why, I was a short distance in back of it, yes. * * * Q. As a matter of fact you were following the car down? A. Oh, I was in back of the car, yes. * * * Q. And you say you were going how fast? A. About 12 or 14 miles [an hour]. * * * Q. Within what distance can you stop that car going at 12 or 14 miles an hour? A. Why, that is according to how the brakes are. Q. Well, just how were the brakes on this car? A. Well, that I don't remember; sometimes they were good and sometimes they weren't. * * * Q. I know, but on this day of the accident, at the time the accident occurred you did not try the brakes, did you? A. No, I didn't." The driver was eighteen years old, he did not slow up. The witness Kraft, called by the defendant, says: " I could see that she was hurrying towards the curb, and at the same instant this truck *dashed* into sight and at the same instant turned to the right, against the curb.

\* \* \* Well, everything was so quick — the truck dashed into sight, and at the same time he turned, and it came into sight it turned." Again: " Where was the truck when you first saw it? A. Why, it just *dashed,* as I say, in sight so that I could see it; that is all." The same witness said in answer to this question by the court: " The duration of time that your eyes were on the truck was about how long? A. Oh, I don't know how to answer that question. I saw the truck and the woman and it all seemed to be almost an instant. It took so little time. It wasn't more than two or three seconds that the whole occurrence happened." The evidence of defendant's witnesses made a question of fact for the jury without reference to other features presented for consideration. This evidence shows that this boy driving this large truck was coming along behind the trolley car at the rate of twelve to fourteen miles an hour, according to his evidence; and when the trolley stopped he did not slow up, he pulled out to go by it, maintaining his same rate of speed. He says he saw the plaintiff ten or twelve feet ahead and he did not put on the brakes. No warning was given. Another witness says: " I saw the driver *shoot* the truck over towards the sidewalk — it looked to me to head the woman off." The further grounds of negligence urged are: *First.* The traffic ordinance of the city of Kingston, N. Y., passed August 18, 1911 (Art. 1, § 13), viz.: " No vehicle shall pass any street railway car, upon the same side as, or at the time when, passengers are being received or discharged, so as to interfere in any way with such passengers." *Second.* That section 286 of the Highway Law (added by Laws of 1910, chap. 374, as amd. by Laws of 1918, chap. 540), governing the operation of motor vehicles, was violated by a disregard of several of its provisions. *Third.* That certain provisions of sections 11 and 13 of the General Highway Traffic Law were also violated. Appellant contends for a different construction. As before observed, a question of fact was made as to defendant's negligence without reference to this ordinance and the Highway Law and the General Highway Traffic Law; however, these laws were enacted for the protection of the traveling public and must be obeyed if liability is to be escaped. As was said by the Court of Appeals in *Martin* v. *Herzog* (228 N. Y. 164)

at pages 171 and 172 of the opinion: " A statute designed for the protection of human life is not to be brushed aside as a form of words, its commands reduced to the level of cautions, and the duty to obey attenuated into an option to conform." The appellant urges that the evidence shows contributory negligence of the plaintiff to such an extent that it should be held as a matter of law that it defeats her right to recover. Bearing in mind that the truck was behind the car from which plaintiff was about to alight, she saw it in that position, because it was such an infinitesimal period of time after she reached the pavement before she was struck that she could not have seen it in any other place. Her rights were equal to his upon the pavement, and under the conditions obtaining here, her contributory negligence was a fair question of fact for the jury. (*Brooks* v. *Schwerin*, 54 N. Y. 343; *McGuire* v. *New York Railways Co.*, 186 App. Div. 66.) The alleged error in admission of evidence presents no difficulty; nor sufficient reason to disturb the verdict of the jury. Plaintiff did not seek to recover for loss of wages; she was not employed anywhere when the accident occurred. If she was seeking to give that evidence on the question of damage she could properly do so. (Dom. Rel. Law, § 60; *Stevens* v. *Cunningham*, 181 N. Y. 454.)

The judgment should be affirmed, with costs.

Judgment and order unanimously affirmed, with costs.