## SUPREME COURT — APPELLATE DIVISION — SECOND DEPARTMENT.

October 21, 1921.

### THE PEOPLE v. CATHERINE MERKERT.

(198 App. Div. 246.)

(1) APPEAL—FROM TRAFFIC COURT TO COUNTY COURT—FOR ERRORS OF LAW ONLY.

An appeal to the County Court from the Traffic Court of the City of New York may be had by the defendant "for an erroneous decision or determination of law or fact upon the trial" under section 750 of the Code of Criminal Procedure, and the People may appeal from a judgment of reversal by the County Court if it appears that the reversal was for errors of law only, where leave to do so is granted within sixty days by a justice of the Supreme Court.

(2) SAME—ORDER OF REVERSAL DISCHARGING PRISONER AND REMITTING FINE APPEALABLE.

An order of reversal which discharged the prisoner and remitted the fine, instead of directing a new trial, did finally determine as matter of law that the evidence for the prosecution, as accepted by the Traffic Court, did not make out the violation charged, and it is appealable.

(3) SAME—MOTOR VEHICLES—AUTOMOBILE PASSING WITHIN EIGHT FEET OF STREET CAR STOPPED TO TAKE ON OR DISCHARGE PASSENGERS IN VIOLATION OF ORDINANCE OF CITY OF NEW YORK.

Under an ordinance of the city of New York, providing that no automobile shall "pass or approach" within eight feet of a street car so long as the same is stopped and remains standing for the purpose of receiving or discharging passengers, an automobile which comes into the eight-foot zone while both it and the street car are moving cannot pass the street car while stopped to take on or discharge passengers without violating the ordinance, even if the automobile may have come up abreast of the rear or even if the front of the automobile is abreast of the front platform of the street car.

APPEAL by the plaintiff, The People of the State of New York, from a judgment of the County Court of the county of Kings, dated April 27, 1921, as resettled by an order entered in the office of the clerk of said county on the 6th day of May, 1921, reversing a judgment of the City Magistrates' Court (Traffic Court) of the City of New York, Borough of Brooklyn, rendered on the 16th day of February, 1921, convicting defendant of violating subdivision 3 of section 17 of article 2 of chapter 24 of the Code of Ordinances of the City of New York.

*Harry G. Anderson, Assistant District Attorney (Harry E. Lewis, District Attorney, and Ralph E. Hemstreet, Assistant District Attorney, with him on the brief), for the appellant.*

*W. Rossiter Redmond (George W. Matheson with him on the brief), for the respondent.*

PUTNAM, J.:

An appeal to the County Court from the Traffic Court may be had " for an erroneous decision or determination of law or

fact upon the trial." (Code Crim. Proc., § 750.) Section 770 sanctions an appeal from the County Court by either defendant or by the People. But the People may appeal if it appears that the reversal was for errors of law only; and, within sixty days, a justice of the Supreme Court grants such leave. (Code Crim. Proc., §§ 770, 770a.) "If, in the opinion of the judge to whom the application is made, it is proper that the question arising out of the reversal * * * should be reviewed by the Appellate Division," he "must" grant an order permitting such appeal to the Appellate Division. (Code Crim. Proc., § 770b.)

An order of reversal which discharged the prisoner and remitted the fine, instead of directing a new trial, did finally determine, as matter of law, whether the evidence for the prosecution, as accepted by the Traffic Court, made out the violation charged. (People v. Redmond, 225 N. Y. 206, 208.)

The section of the Code of Ordinances here involved (chap. 24, art. 2, § 17, subd. 3) provides:

"3. Overtaking or meeting street car. In overtaking or meeting a street car, which has been stopped for the purpose of receiving or discharging a passenger, no vehicle that is subject to the provisions of subdivision 1 of this section shall pass or approach within 8 feet of such car so long as the same is stopped and remains standing, for the purpose aforesaid."

Where an intending passenger left the curb and was struck by an automobile that came from the rear, it was held that such plaintiff could rely upon this ordinance, so that her glance towards the approaching automobile, though but slight and momentary, was not contributory negligence. (Crombie v. O'Brien, 178 App. Div. 807.) A wayfarer crossing a street in the rear of a standing street car then discharging passengers can also rely on this presumption that an automobile coming in a direction opposite to the street car would not come within eight feet of the street car. (McNally v. Appel Co., 189 App.

Div. 918. See, also, Lorenzo v. Manhattan Steam Bakery, Inc., 178 App. Div. 706.)

In the present case the defendant was driving a Franklin sedan car in a westward direction along Jamaica avenue. The street is so narrow (only eleven feet from outside rail to the curb) that an automobile has not room to pass eight feet from the side of a street car. When the street car came to a stop at Linwood avenue the Franklin car did pass ahead of the car, although a passenger was getting off the rear platform. Before this stop the Franklin car had not " passed." Its front lapped the street car's rear platform, according to defendant, although a lady with her thought that they had come abreast of the front exit of the street car. The testimony of Boothby, the police officer, and of Roberts, the motorman, sustained a finding of passing when the street car was stationary.

For the defendant it was urged that if an automobile is running parallel with a trolley car, and the latter stops, then the automobile may go ahead. Accordingly it is insisted that the Franklin car was abreast of the front platform when the street car stopped. The defendant herself, however, who was operating her car, would be the best authority as to these relative positions, and her version is that she was merely abreast of the rear platform. Naturally the magistrate could take this admission, and upon which he based the conclusion of a violation.

The contention that if the following automobile has come within the eight-foot zone while both the automobile and street car are moving, there is no violation, is only true provided that the automobile then stops promptly so as to conform to the stop of the street car. To hold that the automobile could go along past the stopped street car would ignore the strict wording of the ordinance that makes it unlawful to " *pass* or approach " a street car while stopped and standing to receive or discharge passengers. Of course, if an automobile has already passed clear, it can proceed. But the prohibition

against passing applies and is effective even if the automobile may have come up abreast the rear exit, or even if the automobile front is abreast of the front platform of the street car. Any construction that reduced the meaning of the term " pass " would deprive the ordinance of its full and salutary effect.    On some avenues street cars run amid throngs of meeting and overtaking motor vehicles.   A street corner is a point where a trolley car may be expected to take on or discharge passengers. Thus stopping with motor vehicles abreast, alongside and coming up behind such a  street car's passengers could not safely land without provision for their protection.    When the car, thus encompassed, makes its proper stop for passengers, this eight-foot zone prohibited for motor vehicles is to be kept clear for the security of passengers and those seeking to board the car. (Huddy, Automobiles [5th Ed.]; § 425.)

Therefore, I advise that the judgment and order of the County Court of Kings county should be reversed, and the judgment of conviction of the Traffic Court affirmed.

BLACKMAR, P. J., RICH, KELLY, and JAYCOX, JJ., concur.

Judgment and order of the County Court of Kings county reversed, and the judgment of conviction of the Traffic Court affirmed.