JULIA MABS, Appellant, v. PARK & TILFORD, Respondent.

First Department, March 3, 1922.

Motor vehicles — negligence — action for personal injuries caused by defendant's motor truck striking plaintiff as she was assisting child to alight from street car — error to dismiss complaint as evidence presented questions of fact for jury — plaintiff presumed to have knowledge of city ordinance prohibiting motor vehicles from passing within eight feet of street car while stopped to discharge passengers — said ordinance did not relieve plaintiff from duty of ordinary care.

In an action for personal injuries alleged to have been suffered by plaintiff who was struck by defendant's motor truck, it appeared that, at the time of the accident, the plaintiff, who had just alighted from a street car, which had stopped to discharge passengers, had turned around toward the car; that while standing with her right foot on the step and her left foot on the pavement, in the act of assisting a small child from the car, she was hit on the left ankle, left arm and side by defendant's truck; that she immediately turned around and saw defendant's truck passing, but that she did not see the truck before she was hit nor did she see the truck hit her; and it also appeared that the truck was being driven in violation of a city ordinance which prohibits motor vehicles from passing within eight feet of a street car which has stopped to discharge passengers.

Held, that it was error for the trial court to dismiss the complaint, as some of the evidence tended directly to show that the truck came in contact with plaintiff and all of it warranted that inference and the jury might have so found. Also the evidence presented questions of fact as to defendant's negligence and plaintiff's freedom from contributory negligence.

The ordinance did not relieve the plaintiff from the duty of ordinary care for her own safety, and her conduct is to be judged in the light of said ordinance which she is presumed to have known.

APPEAL by the plaintiff, Julia Mabs, from a judgment of the
Supreme Court in favor of the defendant, entered in the office
of the clerk of the county of New York on the 14th day of May, 1921,
upon the dismissal of the complaint by direction of the court at the
close of the entire case.

*Cadwalader, Wickersham & Taft* [*Walbridge S. Taft* of counsel],
for the appellant.

*William Butler* [*George F. Hickey* of counsel], for the respondent.

LAUGHLIN, J.:

This action was brought to recover for personal injuries alleged
to have been sustained by plaintiff through the negligence of
defendant's chauffeur in driving its truck against her in a public
street before she reached a place of safety after alighting from a
street car.    The plaintiff testified that on the afternoon of June 5,
1919, she and her sister-in-law and niece, three and a half years
of age, were passengers on an east-bound street car on Thirty-fourth
street, borough of Manhattan, New York, and when the car stopped
westerly of Fifth avenue opposite the Waldorf Hotel, evidently at
or about the usual stopping place, they proceeded to alight from
the rear platform, and she stepped off onto the pavement first and
immediately turned around, and standing with her left foot on the
pavement and facing the car, placed her right foot on the step
and took hold of the grab handle of the car with one hand and
was in the act of assisting the child from the platform of the car
to the street, when she was hit on her left ankle; that she
immediately turned around to the right and saw opposite her
shoulder a motor truck with the defendant's name on it passing
easterly; that the motor truck also struck her left arm and side,
causing great pain, and she was assisted to the sidewalk and
placed in a chair, and her shoe, which was a low pump, was removed
and the heel of the shoe had been completely taken off by the
contact of the truck and her dress was torn, and the left side of
her heel was cut open, and the wound continued to discharge for
a long time; that the chauffeur who was driving the truck was
brought to her immediately after the accident and she recognized
him in court; that she was unable to use her left foot and was
taken home in a taxicab and summoned a doctor and was confined
to the house six or eight weeks, and was unable to use her left
leg during that time, and also had difficulty, which continued down
to the time of the trial, with her left ankle, and suffered pain in
her arm and left side for about a week; that she did not see the
truck until she was hit, and did not remember whether or not she
looked either way before stepping off the car; that this was the

only truck she saw there; and that she did not see the truck hit her or know what part of it came in contact with her, but that she inferred that the truck ran over her. The plaintiff's sister-in-law testified that she was giving her attention to her child and did not observe the truck, but that the plaintiff, while standing with her left foot on the street and right foot on the step of the car and assisting the child from the car, turned around and exclaimed, " Oh, my foot; run for Park & Tilford's automobile! " and that the witness ran after the truck, and someone else followed it and the driver came back. Another witness called by the plaintiff testified, in substance, that she came out of the door of the Waldorf nearest Fifth avenue onto the sidewalk of Thirty-fourth street, and saw an east-bound street car standing still about opposite where she was, and saw the motor truck pass rapidly between her and the street car, and saw plaintiff approaching the sidewalk, assisted by her sister-in-law, and she stepped forward to offer her assistance to the plaintiff, and gave her name and address to a police officer who came shortly thereafter, and that the defendant's chauffeur gave her his name, and she also gave that to the police officer; that at the time she left the hotel there were horsecabs standing along the southerly curb of Thirty-fourth street opposite the street car. It was shown that there was a public cab stand for horsecabs to the east of said entrance to the hotel and to the west of the westerly entrance thereto, and that the said easterly door of the hotel was about sixty or seventy feet from Fifth avenue, and that the distance from the southerly rail of the street railway track to the curb was eighteen and eight-tenths feet.

The trial court was of opinion that the evidence was insufficient to warrant the jury in finding that the plaintiff's injuries were inflicted by the defendant's motor truck. The material evidence on that point has been stated. Some of it tends directly to show that the truck came in contact with the plaintiff, and all of it warrants an inference to that effect, and, therefore, the jury might have so found. (*Chisholm* v. *State*, 141 N. Y. 246; *Hart* v. *Hudson River Bridge Co.*, 80 id. 622; *Miller* v. *Uvalde Asphalt Paving Co.*, 134 App. Div. 212; *Inglese* v. *N. Y., N. H. & H. R. R. Co.*, 133 id. 198; *Brand* v. *Borden's Condensed Milk Co.*, 89 id. 188; *Smith* v. *Brooklyn Heights R. R. Co.*, 82 id. 531.) The evidence also presented questions of fact as to the defendant's negligence and plaintiff's freedom from contributory negligence. Subdivision 3 of section 17 of chapter 24 of the Code of Ordinances prohibits motor vehicles from passing or approaching within eight feet of a street car which has been stopped for the purpose of receiving or discharging passengers so long as the street car has

stopped and remains standing for that purpose. The ordinance, of course, did not relieve the plaintiff from the duty of ordinary care for her own safety. But her conduct is to be judged in the light of the ordinance, which she is presumed to have known, and it cannot be said as matter of law that, in the circumstances, she was guilty of contributory negligence in failing to discover the approach of the defendant's motor truck, which manifestly was driven in violation of the ordinance; and such violation, if not in these circumstances negligence as matter of law (See *Martin* v. *Herzog*, 228 N. Y. 164; *Schafer* v. *Rose-Gorman-Rose, Inc.*, 192 App. Div. 860), was, at least, evidence which would have warranted the jury in finding that the defendant was negligent. (*Berckhemer* v. *Empire Carrying Corp.*, 172 App. Div. 866; *Knupfle* v. *Knicker-bocker Ice Co.*, 84 N. Y. 488; *Massoth* v. *D. & H. C. Co.*, 64 id. 524.) It follows that the judgment should be reversed and a new trial granted, with costs to appellant to abide the event.

CLARKE, P. J., DOWLING, PAGE and MERRELL, JJ., concur.

Judgment reversed and new trial ordered, with costs to appellant to abide event.