CHARLES A. PECORA, Appellant, v. MARIE T. MARIQUE, Respondent.

First Department, June 1, 1948.

*Alfred L. D'Isernia* of counsel (*William B. Shelton* with him on the brief), for appellant.

*Archie B. Morrison* of counsel (*John D. Lynn* and *William T. Rogers* with him on the brief; *Everett W. Bovard,* attorney), for respondent.

PECK, P. J.   Plaintiff was struck by defendant's automobile at the intersection of Fordham Road and Arthur Avenue in the Bronx, at about 9:30 at night on May 28, 1943.   Fordham Road runs east and west and Arthur Avenue comes in from the south to a dead end at the intersection.   Plaintiff was crossing Fordham Road from north to south on the westerly crosswalk.   According to plaintiff's testimony, when he reached the point on the north side of Fordham Road from which he intended to cross, the traffic light, located on the southeast corner, was green for Fordham Road and red for Arthur Avenue.   He watched the light and waited until it changed to green for Arthur Avenue and red for Fordham Road and then he started to cross.   He testified that in crossing he was looking straight ahead at a police car standing in Arthur Avenue at the corner, facing into Fordham Road, and he was afraid that the car would turn.   Plaintiff had taken about five or six steps into Fordham Road when he was struck by defendant's car, coming from the left or east.   Plaintiff testified that he did not see defendant's car, that he did not look to the east at all, but just looked straight ahead at the police car.

The driver of the police car testified that he was on Arthur Avenue and stopped for a red light on Fordham Road.   When the light changed he started off.   As he started his car in speed he noticed defendant's car on Fordham Road ten feet east of the eastern crosswalk; that defendant's car continued across and struck plaintiff.   Similar testimony was given by a witness who was standing talking to the driver of the police car just before the accident.

The trial justice dismissed the complaint during defendant's case on a motion made and decision reserved at the close of plaintiff's case.   The basis for the dismissal was the trial court's holding that plaintiff's failure to look left or right, and crossing the thoroughfare looking only straight ahead, was contributory negligence as a matter of law under the decision in *Knapp* v. *Barrett* (216 N. Y. 226).

We do not read the decision in *Knapp* v. *Barrett* (*supra*) as enunciating so fixed and invariable a rule as that a pedestrian crossing a street must under all circumstances look left and right or be held negligent as a matter of law. While it is generally true that to cross a street without looking left or right would be so palpably negligent as to amount to negligence as a matter of law, there may be circumstances, and we believe there were such circumstances in this case, where it cannot be so unequivocally said that failure to look left or right is negligence.

In *Knapp* v. *Barrett* plaintiff was struck while walking across the street after alighting from a street car. He was not at a crosswalk and there was no counterpart of the street and traffic light arrangement present in this case. The question in the Court of Appeals arose on an assigned error in the charge of the trial court. As stated by Judge Cardozo, the jury were told in effect that even if the plaintiff left the car without looking where he was going and then walked blindly in the path of the wagon, they might still acquit him of negligence. The substance of the decision in the Court of Appeals was then stated in the following language (p. 230): "A wayfarer is not at liberty to close his eyes in crossing a city street. His duty is to use his eyes, and thus protect himself from danger (*Barker* v. *Savage*, 45 N. Y. 191). The law does not say how often he must look, or precisely how far, or when or from where. If, for example, he looks as he starts to cross, and the way seems clear, he is not bound as a matter of law to look again. The law does not even say that because he sees a wagon approaching, he must stop still till it has passed. He may go forward unless it is close upon him; and whether he is negligent in going forward, will be a question for the jury. If he has used his eyes, and has miscalculated the danger, he may still be free from fault (*Buhrens* v. *Dry Dock, E. B. & B. R. R. Co.*, 53 Hun, 571; 125 N. Y. 702). But it is a very different thing to say that he is not bound to look at all. We have repeatedly held that one who crosses a city street without any exercise of his faculty of sight, is negligent as a matter of law (*Barker* v. *Savage, supra*; *Peterson* v. *Ballantine & Sons*, 205 N. Y. 29; *Perez* v. *Sandrowitz*, 180 N. Y. 397; *McClain* v. *Brooklyn City R. R. Co.*, 116 N. Y. 459, 470; *Reed* v. *Met. St. Ry. Co.*, 180 N. Y. 315; *Volosko* v. *Interurban St. Ry. Co.*, 190 N. Y. 206; *Zucker* v. *Whitridge*, 205 N. Y. 50; *Mastin* v. *City of New York*, 201 N. Y. 81). To escape the consequences of such negligence, he must prove that even if he had looked,

the accident would still have happened. He is not entitled to damages where it appears that ' unconscious and unobservant of the situation, he walked into the approaching team ' (*Perez* v. *Sandrowitz, supra*, 400).''

Further, at page 231: '' Some use of one's faculties, however, there must be, and it is error to instruct a jury that one who has made no use of them whatever may still be free from fault.''

It can hardly be said here that plaintiff's failure to look left or right amounted to an abandonment of his faculty of sight, or that his crossing was unconscious and unobservant. He may have been negligent in fact and a jury is certainly entitled to so find, but the particular situation was not one which entitled the court to take the question from the jury on the theory that plaintiff's conduct amounted to negligence as a matter of law under the holding in *Knapp* v. *Barrett*.

Negligence and due care are relative to the circumstances. The physical circumstances here were unusual and must be considered in judging plaintiff's actions.

According to credible testimony, plaintiff was crossing on a crosswalk with a green light. We do not suggest that those facts absolved him from looking, but they do bear upon the care which he would be expected to exercise. One assumes that in crossing at a place and time reserved for such crossing, under the protection of traffic regulations afforded for the purpose, he will not be run down by vehicles moving against traffic regulations. '' But I suggest that the rule is well settled that one may rely, in a measure at least, on the presumption that others will obey the law.'' (*Crombie* v. *O'Brien,* 178 App. Div. 807, 808.) '' The ordinance, of course, did not relieve the plaintiff from the duty of ordinary care for her own safety. But her conduct is to be judged in the light of the ordinance, which she is presumed to have known, and it cannot be said as matter of law that, in the circumstances, she was guilty of contributory negligence in failing to discover the approach of the defendant's motor truck, which manifestly was driven in violation of the ordinance ''. (*Mabs* v. *Park & Tilford,* 200 App. Div. 75, 78.)

Before undertaking his crossing, plaintiff was watching the traffic light diagonally across the street. He was thus looking in a southeasterly direction and had some eastern scope to his vision. As the court stated in *Knapp* v. *Barrett* (216 N. Y. 226, 231, *supra*): '' One may often look when crossing a city street without turning one's head at all. A sufficient space to give

a reasonable assurance of safety may be at all times within one's range of vision."

Even if plaintiff had seen defendant's car, he might have thought that it would observe the traffic regulations, and in view of the position of defendant's car, east of the easterly crosswalk, when the light changed, and the distance the car traversed before striking plaintiff, the jury might find that even if plaintiff had looked the accident would still have happened.

Further, according to plaintiff's testimony, he had his eye peeled for the only apparent source of danger, the police car opposite, which would move on the same light on which plaintiff would cross and would have to turn by reason of the dead end into Fordham Road, and likely as not cross plaintiff's path. With this physical condition, and with plaintiff eyeing and calculating his conscious danger, we are unable to say that his failure to look in other directions constituted negligence as a matter of law. The question of plaintiff's contributory negligence, under the peculiar circumstances, was a question of fact for the jury.

The judgment should be reversed and a new trial ordered, with costs to appellant to abide the event.

VAN VOORHIS, J. (concurring in result). The decision of this appeal does not determine, as it seems to me, that it is not negligent as matter of law for a pedestrian, before crossing a street upon a crosswalk, to fail to look, or to look and fail to see a vehicle approaching in plain sight, in the absence of signal lights or some other form of traffic control; nor does this case in my mind in any other respect weaken the definite requirements defined in *Knapp* v. *Barrett* (216 N. Y. 226). Plaintiff herein did not look in any sense of the word to his left before crossing Fordham Road. I concur in the result upon the ground that a question for the jury has been presented concerning whether, if plaintiff had looked and seen the approaching vehicle, he would have been guilty of contributory negligence in acting on the assumption, in starting across the street, that the driver of the automobile would bring the vehicle to a stop in obedience to the traffic control signal (cf. *Crombie* v. *O'Brien*, 178 App. Div. 807, 808).

COHN and CALLAHAN, JJ., concur with PECK, P. J.; VAN VOORHIS, J., concurs in the result in an opinion in which DORE, J., concurs.

Judgment unanimously reversed and a new trial ordered, with costs to the appellant to abide the event. Settle order on notice.