■ JAMES IAIA, an Infant, by His Guardian ad Litem, ONOFRIO W. IAIA, et al., Respondents, v. STEINWAY OMNIBUS CORPORATION, Appellant.— In an action to recover damages for personal injuries sustained by the infant plaintiff, and by his father for medical expenses and loss of services, the jury rendered a verdict for $15,000 in favor of the infant plaintiff and $10,000 in favor of the father. The appeal is from the judgment entered thereon. Judgment, insofar as it is in favor of the infant plaintiff, James Iaia, unanimously affirmed, with costs. The infant plaintiff was injured when, while crossing a street at an intersection, he was struck down by a bus owned by defendant. There was evidence in the case that the boy was crossing with a green light in his favor and that the bus went through a red light before striking him.

The infant plaintiff admitted that he did not look both ways either before or during his crossing, and that he did not see the bus which struck him. Ordinarily, to cross a street without looking left or right would constitute negligence as a matter of law. (*Knapp* v. *Barrett*, 216 N. Y. 226.) However, if a pedestrian crosses a street under the protection of traffic signals, he is entitled to rely, in some measure at least, on the presumption that others will obey the law, and his failure to look before crossing, though possibly negligent in fact, does not amount to contributory negligence as a matter of law. (*Pecora* v. *Marique*, 273 App. Div. 705; cf. *Crombie* v. *O'Brien*, 178 App. Div. 807, and *Mabs* v. *Park & Tilford*, 200 App. Div. 75.) Moreover, there was sufficient evidence to justify the inference that even if the boy had looked and had seen the bus coming, he might have continued across under the impression that the bus driver would observe the traffic signal, and the accident would still have happened. (*Knapp* v. *Barrett, supra*; *Pecora* v. *Marique, supra*.) In view of the evidence as to the permanence of the injuries sustained, we are unable to say that the verdict in the infant plaintiff's favor was excessive. Judgment, insofar as it is in favor of the plaintiff Onofrio W. Iaia, reversed, and as to said plaintiff, the action is severed and a new trial granted, with costs to appellant to abide the event, unless within ten days after the entry of the order hereon, said plaintiff stipulate to reduce the verdict in his favor to $2,500, in which event the judgment, as so reduced, is unanimously affirmed, without costs. In our opinion, the verdict in favor of plaintiff Onofrio W. Iaia is excessive. Nolan, P. J., Beldock, Murphy, Ughetta and Hallinan, JJ., concur.