█ ZHENFAN ZHANG, Respondent, v YELLOW TRANSIT CORP. et al., Appellants. [774 NYS2d 502]—

Judgment, Supreme Court, New York County (Howard Beeler, J.), entered June 20, 2003, awarding plaintiff the principal sum of $72,344 against defendants, and bringing up for review a ruling made after the close of evidence directing a verdict in plaintiff's favor on the issue of liability, unanimously affirmed, without costs.

Plaintiff testified that he waited at the crosswalk until the pedestrian signal lit up with a white "walk" sign; that in crossing the six-lane avenue at an average pace, he continuously looked straight ahead at the pedestrian signal, which remained a steady "walk"; and that he was struck by defendants' taxi as he came near to the opposite side of the avenue. Defendants offered no evidence whatsoever. The trial court awarded plaintiff judgment as a matter of law, after correctly rejecting defendants' argument that they were entitled to a comparative negligence charge based on plaintiff's admission that he was focused on the walk signal and did not look for oncoming traffic. While plaintiff's failure to look for oncoming traffic was negligent, there was simply no evidence upon which to determine the extent to which such negligence contributed to the accident (cf. Thoma v Ronai, 189 AD2d 635, 636 [1993] [quoting Pecora v Marique, 273 App

Div 705, 707-708 (1948), quoting *Knapp v Barrett,* 216 NY 226, 230 (1915)], *affd* 82 NY2d 736 [1993]). As the trial court stated, it would be sheer speculation to apportion fault without any evidence as to the starting point, speed and angle of approach of defendants' vehicle and overall traffic conditions. Plaintiff's testimony made out a prima facie case of defendants' negligence (*see Razzaque v Krakow Taxi,* 238 AD2d 161, 161 [1997]). It was then defendants' burden to prove plaintiff's comparative negligence, not plaintiff's to disprove it (CPLR 1412; *see Gonzalez v Medina,* 69 AD2d 14, 19 [1979]). Concur—Nardelli, J.P., Tom, Andrias, Saxe and Marlow, JJ.