DEBRA COLSON, Individually and as Parent and Natural Guardian of RACHEL COLSON, an Infant, Respondent-Appellant, v DENNIS McCORMICK et al., Appellants-Respondents. [865 NYS2d 460]—

Appeal and cross appeal from a judgment of the Supreme Court, Erie County (Diane Y. Devlin, J.), entered June 25, 2007 in a personal injury action. The judgment, upon a jury verdict, awarded plaintiff the sum of $159,000 against defendants plus interest, costs and disbursements.

It is hereby ordered that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries sustained by her 11-year-old child when she was run over by a vehicle operated by defendant Dennis McCormick and owned by defendant Lynne McCormick. At the time of the accident, the child was lying in the street after falling from her bicycle.

In their answer, defendants asserted, inter alia, an affirma-

tive defense alleging that the injuries sustained by the child were caused solely by her own negligent conduct. Following the close of evidence, plaintiff objected to the proposed jury charge on the issue of comparative negligence on the ground that there was no evidence that the child was negligent. We reject defendants' contention that Supreme Court erred in granting plaintiff's objection to the charge. Defendants failed to meet their burden of establishing that the child was negligent and thus that a charge on her comparative negligence was applicable to this case (see CPLR 1412; Zhenfan Zhang v Yellow Tr. Corp., 5 AD3d 337 [2004]). There was no direct evidence of any negligent conduct on the part of the child, and the circumstantial evidence presented at trial does not establish a "probability" that the child was negligent (Shotwell v Dixon, 163 NY 43, 52 [1900]; see generally Digelormo v Weil, 260 NY 192, 200 [1932], rearg denied 261 NY 536 [1933]). No one witnessed the child riding her bicycle before her fall, and thus there is no evidence that she was violating Vehicle and Traffic Law § 1234 (a) at the time of the accident. Indeed, the witness who observed the child in the street after her fall testified at trial that her feet were near the curb and that her head was toward the center of the street, thereby indicating that she had not violated section 1234 (a).

Furthermore, the mere fact that the child was lying in the street for several "seconds" after falling from her bicycle is not evidence of negligence. Contrary to defendants' contention, there was no evidence that the bicycle was too large for the child or that the child was negligent in riding a "boy's" bicycle. There was also no evidence that the type of sneakers worn by the child impacted her ability to ride the bicycle and, contrary to defendants' further contention, the child was properly operating her bicycle on the street rather than on the sidewalk (see Vehicle and Traffic Law §§ 144, 1231, 1234 [a]; Morrison v Flintosh, 163 AD2d 646, 647 [1990]). Although the evidence established that the child was not wearing a helmet at the time of the accident, that fact cannot be considered as evidence of negligence on her part (see Vehicle and Traffic Law § 1238 [7]).

Contrary to the contention of plaintiff on her cross appeal, the damages awards do not deviate materially from what would be reasonable compensation (see generally CPLR 5501 [c]). The child had no recollection of the accident or the first 14 days of a 16-day period of hospitalization following the accident, she made a full recovery within five months, and she thereafter was able to participate in all her pre-accident activities. Finally, the scars on her chin and chest were barely visible at the time of trial,

and defendants presented evidence that the scars could be further corrected by plastic surgery. Present—Martoche, J.P., Smith, Lunn, Pine and Gorski, JJ.